**F I L E D**

**UNITED STATES COURT OF APPEALS**

**February 7, 2007**

**TENTH CIRCUIT**

JOSEPH L. WILLIAMS,

        Petitioner–Appellant,

v.

JAMES E. ABBOTT; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

        Respondents–Appellees.

No. 06-1417

(D.C. No. 06-CV-755-ZLW)

(D. Colo.)

**ORDER**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

In this *pro se* § 2254 appeal, Petitioner challenges his 1994 murder

conviction. In his § 2254 petition, he raised claims concerning denial of his right

to self-representation, unknowing waiver of his right to testify, and ineffective

assistance of counsel. The petition was referred to a magistrate judge, who

determined, based on the record before him, that the one-year limitation period

for filing a habeas petition expired in 1997. The magistrate judge then ordered

Petitioner to show cause why his petition should not be dismissed on those

grounds.

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In response, Petitioner submitted excerpts of state court orders and briefs indicating Petitioner filed two post-conviction proceedings in state court, the first having been filed even before Petitioner's direct appeal was concluded. The district court, after thoroughly analyzing the tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2) in light of these documents, nevertheless determined that Petitioner's action was time-barred. Given the district court's cogent analysis, we see no reason to repeat that effort here.

Petitioner must obtain a certificate of appealability in order to challenge the district court's denial of his habeas petition. *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000). To obtain a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). In order to meet this burden, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted).

After carefully reviewing the district court's comprehensive and well-reasoned disposition, the record on appeal, and Petitioner's filings, we find nothing that meets our standard for the grant of a certificate of appealability. For substantially the reasons set forth by the district court, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal. We do,

however, **GRANT** Petitioner's motion to proceed *in forma pauperis*.

Entered for the Court


Monroe G. McKay
Circuit Judge